I concur with the majority opinion and add the following reasons to support our decision.
The hearing was conducted twenty-five years after appellant's conviction. Appellant was sixty-three years old at the time of the hearing. The ODRC document packet reflected that he completed the following nine programs over a two-year period:
Feb. 1993 Multiple Offenders Reassessing Experiences
Apr. 1993 Insight-Level II, Sex Offenders Program
 May 1993 Human Sexuality, Level I Education Group Sex Offenders Program
 Aug. 1993 Victim Awareness-Level III, Therapy Group Sex Offender Program
 Nov. 1993 Free as an Eagle, Level I Education Group, Sex Offender Program
Apr. 1994 Coping Skills, Level II, Sex Offender Program
 Oct. 1994 Cognitive Restructuring-Level II Skill Bldg. Sex Offender Program
 Nov. 1994 Fantasizing-Level II, Skill Bldg. Sex Offender Program
 June 1995 Relapse Prevention, Level III, Therapy Group Sex Offender Program
With this evidence, it was imperative that the State present clear and convincing evidence to the trial court to show that the appellant was likely to re-offend. Thus, in a case like this, the State should have obtained an assessment of appellant's likelihood to re-offend to sustain its burden. Without such an assessment, I feel that the trial court abused its discretion by discounting the validity of the nine programs completed by appellant. Therefore, I agree that the classification should be vacated.